**Judi J. LeSUER–JOHNSON, Appellant,**

v.

**ROLLINS–BURDICK HUNTER OF ALASKA and National Union Fire Insurance Co., Appellees.**

**No. 3681.**

Supreme Court of Alaska.

April 12, 1991.

Chancy Croft, Anchorage, for appellant.

Patricia L. Zobel, Deirdre D. Ford, Staley, DeLisio, Cook & Sherry, Anchorage, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

PER CURIAM.

Appellant Judi LeSuer–Johnson (Le-Suer) was injured on June 4, 1986, while playing softball at an Anchorage ballpark for the Rollins–Burdick Hunter (RBH) team against an "insurance league" opponent. The injury occurred after work hours, on a field rented by the insurance league. LeSuer, an employee of RBH, filed a claim for workers' compensation, alleging that the injury arose out of and in the course of her employment. An Alaska statute enacted in 1982 defines "arising out of and in the course of employment" to include

employer-required or supplied travel to and from a remote job site; activities performed at the direction or under the control of the employer; and employer-sanctioned activities at the employer-provided facilities; but excludes activities of

a personal nature away from employer-provided facilities.

AS 23.30.265(2).

LeSuer's argument that her injury arose out of and in the course of her employment is based on her employer's connection to the softball team. RBH provided balls, bats, T-shirts and caps for the team members. It paid $250 to the league's organizers who rented the ballfield and purchased bases. RBH encouraged its employees to either play on the team or attend the game as spectators. In her job interview LeSuer was asked if she played softball and if she would like to play on the company team. She stated that joining the team was voluntary, but she personally felt pressured to play by co-employees who wanted to be sure that RBH had enough players to field the team each week.

The Workers' Compensation Board found for LeSuer. The board concluded that participation on the softball team was both employer-sanctioned and that it occurred at an employer-provided facility:

> We find RBH gave support and encouragement for their employees to participate on the team. By paying the league fee, providing part of the uniform, providing bats and balls and permitting employees to perform activities such as picking up the T-shirts and hats as part of their work duties RBH sanctioned the activity....
>
> Next we consider whether the injury occurred at an employer-provided facility. Defendants argued that the injury was not on Employer's premises. However, the legislature chose to use the term "facility" and not premises. We find this terminology distinction is important. Thus the injury does not have to occur on an employer's property to be compensable.
>
> The term "provide" is defined in *Webster* at 1144 as "to make available, supply, afford; furnish with...." We find that paying the league fee RBH made available to its employees a field on which to play softball. We conclude that

the softball game was at an employer-provided facility.

RBH appealed the board's decision to the superior court. The court held that where, as here, a remote job site was not involved, a four-part test rather than the two-part test set out in the statute was appropriate. The court stated:

> The criteria analyzed in Larson, 1A *The Law of Workman's Compensation* § 22.24(a)–(f), for determining whether an injury on a company team is compensable are the appropriate factors to weigh in deciding this case. They are primarily the time and place of the recreation, the degree of the employer initiative and encouragement, the financial support and equipment furnished, and the benefit to the employer.

The court remanded this case to the board for an analysis using these factors. On remand, the board found in favor of RBH with one member dissenting.

LeSuer then appealed to the superior court, which affirmed the board's decision on remand. LeSuer now appeals this decision.

■ In our view, the first decision of the board was correct. That portion of AS 23.30.265(2) which pertains to employer-sanctioned activities at employer-provided facilities is not limited to remote job sites as the statute is written. If the legislature had intended such a limitation it could have easily been expressed. The board's conclusions that playing for the RBH softball team was employer-sanctioned and that the injury occurred at an employer-provided facility are supported by substantial evidence.

For the above reasons, the decision of the superior court is REVERSED and this case is REMANDED to reinstate the first decision of the board.